**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sherri Strole, | No. CV-26-08038-PCT-SHD |
| Plaintiff, | **ORDER** |
| v. | |
| United States Equal Employment Opportunity Commission, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Sherri Strole's Application for Leave to Proceed In Forma Pauperis ("IFP"). (Doc. 11.) For the reasons stated below, Strole's IFP application will be granted, and her Complaint, (Doc. 1), will be dismissed with leave to amend.

**I.    IFP APPLICATION**

"There is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Id.* at 1234 (citing *Adkins v. E.I. Dupont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

Having reviewed the application to proceed IFP, (Doc. 11), the Court finds Strole cannot pay the court costs and still afford necessities. Thus, the motion to proceed IFP will be granted.

## II.    SCREENING THE COMPLAINT

Because Strole is proceeding IFP in this case, the Court must screen her Complaint.

### A.    Legal Standard

> Congress provided with respect to in forma pauperis cases that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While much of section 1915 outlines how prisoners can file proceedings in forma pauperis, section 1915(e) applies to all in forma pauperis proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id.* Therefore, this court must dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious.

*Kennedy v. Andrews*, 2005 WL 3358205, at \*2 (D. Ariz. 2005).

> "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

*Hairston v. Juarez*, 2023 WL 2468967, at \*2 (S.D. Cal. 2023).

Under Rule 8(a)(2), "a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). While this does not require "detailed factual allegations, . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (quotation marks omitted). To meet this standard, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quotation marks omitted). Thus, a complaint must include "factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also id.* ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." (citation modified)). Pro se filings must be construed "liberally when evaluating them under *Iqbal*." *Jackson v. Barnes*, 749 F.3d 755, 763–64 (9th Cir. 2014).

As the Ninth Circuit recently acknowledged, "[i]t is not the job of the district courts to make sense of the pleading, to supply facts to support the claim, or to imagine the claims that might fit the facts." *Gibson v. City of Portland*, 165 F.4th 1265, 1289 (9th Cir. 2026). Nor must district courts entertain shotgun pleadings, "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action" that fail to "specify[] which of the defendants are responsible for which acts or omissions." *Id.* at 1288.

### B.    Strole's Complaint

Strole's Complaint is 53 pages of single-spaced allegations against at least fourteen different defendants ranging from the United States Equal Employment Opportunity Commission to insurance companies, landlords, four Arizona cities and three Arizona counties. (*See generally* Doc. 1.) She appears to assert claims of age and gender discrimination, retaliation, animal abuse, "legal abuse" by over 200 lawyers, along with various other claims arising from a series of seemingly unconnected events that began in 2021. (*See, e.g., id.* at 7–14.) It is impossible to tell from the face of the Complaint which claims Strole brings against which defendants, or which facts are relevant to which claims. In short, Strole's Complaint is a shotgun pleading, properly dismissed for failure to satisfy Rule 8(a)(2)'s requirement that a complaint include a "short and plain statement" of her claims. *See Gibson v. City of Portland*, 165 F.4th at 1289. Accordingly, her Complaint will be dismissed.[1]

---

[1]    Strole has filed several other cases in this district, some of which appear to involve at least some of the same claims and defendants as this action. *See, e.g., Strole v. Equal Employment Opportunity Commission*, No. 3:24-cv-08210-MTL (filed November 11, 2024).

### III.    LEAVE TO AMEND

Unless the Court determines that a pleading cannot be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000) (en banc). A finding that any amendment would be futile justifies dismissal without leave to amend. *Bonin v. Calderon*, 59 F.3d 815, 845 (1995).

Here, amendment would not be futile as Strole could allege facts that would state a claim for relief. Strole will therefore be granted the opportunity to amend.

Strole must note that an amended complaint supersedes the original complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). Thus, after amendment, the original complaint is treated as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action raised in the original complaint is waived if it is not alleged in an amended complaint. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). And any Defendant not renamed in the amended complaint will remain dismissed from this case. *See id*. Strole is reminded that failure to file an amended complaint that complies with Rule 8's requirements will result in dismissal of this action.

Accordingly,

**IT IS ORDERED** that the motion to proceed in forma pauperis, (Doc. 11), is **granted**.

**IT IS FURTHER ORDERED** that the Complaint, (Doc. 1), is **dismissed**. Strole has 30 days from the date of this Order to file an amended complaint. Consistent with LRCiv 15.1, Strole shall file, concurrently with any amended complaint, a notice of filing the amended pleading that attaches a copy of the amended pleading indicating in what ways it differs from the Complaint.[2]

---

[2]    The Local Rules and a Handbook for Self-Represented Litigants are available on this District Court's website. *See* U.S. District Court, District of Arizona, Information for those Proceeding Without an Attorney (Pro Se), https://www.azd.uscourts.gov/proceeding-without-attorney (last visited May 15, 2026).

**IT IS FURTHER ORDERED** that if Strole files an amended complaint, the Clerk of Court shall not issue a summons until the Court screens the amended complaint and orders service consistent with 28 U.S.C. § 1915(d).

**IT IS FURTHER ORDERED** that if Strole fails to file an amended complaint within 30 days, the Clerk of Court shall enter judgment dismissing this case with prejudice.

Dated this 19th day of May, 2026.

_____
Honorable Sharad H. Desai
United States District Judge